UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| KELLEY C. MADDEN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CIVIL NO. 1:12cv21 |
| VALUE PLACE PROPERTY MANAGEMENT, LLC, d/b/a VALUE PLACE HOTEL, | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on a motion for partial summary judgment filed by the defendant, Value Place Property Management, LLC ("Value Place"), on May 18, 2012. The plaintiff, Kelley C. Madden ("Madden"), filed her response on July 6, 2012, to which Value Place replied on July 13, 2012.

For the following reasons, the motion will be granted.

Summary Judgment

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Not every dispute between the parties precludes summary judgment, however, since "[o]nly disputes over facts that might affect the outcome of the suit under the governing law" warrant a trial. Id. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in

that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

Discussion

Value Place contends that the following facts are not in dispute. Madden worked for Value Place as a property attendant for approximately five months, until she was discharged on May 7, 2010. On or about June 21, 2010, Madden filed a Charge of Discrimination with the EEOC, in which she alleged that she was discriminated and retaliated against because of her sex, in violation of Title VII. Approximately 180 days later, on January 14, 2011, Madden's attorney, Mr. Christopher C. Myers, sent a fax to the EEOC requesting that the EEOC issue a Notice of Suit Rights. As Mr. Myers' letter explained,

> It is my understanding that this charge has been with your agency the prerequisite one hundred and eighty (180) days. Please issue and forward to my office the Notice of Suit Rights for this charge at your earliest possible convenience.

The EEOC's Case Log reflects that the agency received Mr. Myers' letter on that date.

Soon thereafter, the EEOC complied with Mr. Myers' request. On or about January 25, 2011, the EEOC issued a Notice of Right to Sue. On the Notice itself, the "Date Mailed" line is stamped "JAN 25 2011." The EEOC checked two boxes, stating that the EEOC was terminating its processing of the charge because "[m]ore than 180 days have passed since the filing of this charge." In addition, the EEOC's Case Log reflects the same date stamp of "JAN 25 2011" and that the letter was sent to "CP [Charging Party] & R [Respondent, Value Place] & Rep Myers."

Consistent with the Case Log, the letter was addressed to three recipients. The letter was

2

addressed "To":

> Kelley Madden
> 3501 Harris Road
> Fort Wayne, IN 46808

This correctly, but incompletely, listed Madden's address, as it omitted her apartment number.

The right-to-sue letter also included a "cc" to two addressees, Roger Bolton, Value Place's Senior Vice President for Human Resources, and Madden's attorney, Mr. Myers:

> Roger Bolton
> Sr. Vice President Human Resources
> VALUE PLACE PROPERTY MANAGEMENT LLC
> 8621 E. 21st Street North
> Suite 250
> Wichita, KS 67206
>
> Christopher C. Myers, Esq.
> Christopher C. Myers & Associates
> 809 South Calhoun Street, Suite 400
> Fort Wayne, IN 46802

These two addresses are both correct and complete.

Roger Bolton, on behalf of Value Place, received the right-to-sue letter within a few days of its issuance. (Bolton Decl. ¶ 5). The letter sent to Mr. Bolton included a "checkmark" next to his name. (Bolton Decl. ¶ 5 and attachment to Ex. B). In an affidavit filed with her Complaint, Madden states that she did not receive the right-to-sue letter in the mail. Madden contends that the right-to-sue letter "never made it to me" because the EEOC omitted her apartment number. One of Mr. Myers' colleagues, Mr. William Soboslay, submitted an affidavit stating that, "To my knowledge, the EEOC never sent a copy of the Dismissal and Notice of Right to Sue to the office of Christopher C. Myers & Associates." (Soboslay Aff. ¶ 5).

Neither the right-to-sue letter to Madden nor to Mr. Myers was returned to the EEOC as undeliverable. The EEOC's administrative file regarding Madden contains no letters returned as undeliverable. *See* Simpson Decl. ¶ 6. The EEOC's Case Log reflects no activity between January 25, 2011, the date the EEOC issued the right-to-sue letter, and December 29, 2011.

On December 29, 2011—more than 18 months and approximately 515 days after Madden filed her Charge, and more than 11 months after Mr. Myers asked the EEOC to issue a right-to-sue letter—Mr. Soboslay called the EEOC to inquire about the status of Madden's charge. Soboslay Aff. ¶ 3. Mr. Soboslay then requested that the EEOC fax him a copy of the right-to-sue letter. *Id*. The EEOC's Case Log reflects that the EEOC faxed a copy of the right-to-sue letter to Mr. Myers on that day.

On January 23, 2012, Madden filed this lawsuit alleging that she was discriminated against and/or retaliated against in violation of Title VII. She also alleged that Value Place improperly deducted $235 from her paycheck, and that she "spent a certain number of hours working for Defendant for which she did not receive compensation." Cmplt. ¶¶ 9-10. These latter two allegations are not subject to this motion.

Value Place argues that Madden failed to file her lawsuit within the requisite 90-day time period. Potential Title VII plaintiffs must file their lawsuits within 90 days of receiving a Notice of Right to Sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Threadgill v. Moore U.S.A.*, 269 F.3d 848, 849-50 (7th Cir. 2001). The 90-day clock begins to run on the date that either the claimant or the claimant's attorney receives the right-to-sue letter. *Threadgill*, 269 F.3d at 850; *St. Louis v. Alverno College*, 744 F.2d 1314, 1316 n.4 (7th Cir. 1984). The 90-day rule is generally inflexible unless the claimant has made "a good faith error (e.g., brought suit in the wrong court) or has

4

been prevented in some extraordinary way from filing his complaint in time." *Threadgill*, 269 F.3d at 850 (citation omitted). *See also Anooya v. Hilton Hotels Corp.,* 733 F.2d 48 (7th Cir. 1984) (finding plaintiff's employment discrimination complaint, filed 91 days after receipt of Notice of Right to Sue, untimely); *Scott v. Coca Cola Enterprises, Inc.*, No. 2:05-CV-41, 2005 WL 1661808, *4 (N.D. Ind. July 15, 2005) ("Compliance with the 90-day limit is not a jurisdictional prerequisite, but it is a 'condition precedent' to relief").

Value Place argues that pursuant to the mailbox rule, Madden received the Notice of Right to Sue in early 2011 as a matter of law. The mailbox rule creates a legal presumption that an addressee receives a letter within five days of the letter having been placed in the mail. *Loyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989) ("unless proven otherwise, the receipt date is presumed to be five days from the mailing date"); *Tucker v. Secretary of Health and Human Services*, 684 F. Supp. 556, 558 (N.D. Ind. 1988) ("The law presumes delivery of a properly addressed piece of mail"). *See also Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 476 (7th Cir. 2009); *In re Longardner & Assoc., Inc.*, 855 F.2d 455, 459 (7th Cir. 1988).

Absent any facts undermining the presumption, a court should accept the presumption as a matter of law. For example, in *Tucker*, the court used the presumption to decide a motion to dismiss, without the need for an evidentiary hearing. *Tucker*, 684 F. Supp. at 558. Similarly, in *United States v. Ekong*, 518 F.3d 285, 287 (5th Cir. 2007), the court upheld application of the mailbox rule based on the affidavit of a paralegal who prepared the sent letter, even though the addressee submitted an affidavit denying receipt. The court held that the addressee's "bare assertion of non-receipt" was insufficient to rebut the delivery presumption. *Id*.

Value Place strongly contends that the undisputed facts support application of the

delivery presumption. First, argues Value Place, one of the right-to-sue letters was properly addressed to Madden's counsel, shortly after Madden's counsel requested that the EEOC issue a right-to-sue letter. The EEOC's Case Log reflects that the letter was sent to Madden's counsel, and the right-to-sue letter itself is stamped as sent on "JAN 25 2011." "When the plaintiff and his attorney each receive a right to sue letter on different dates, the start of the 90-day period is determined by the earlier date of receipt." *Del Korth v. Supervalu, Inc.*, 46 Fed. Appx. 846, 847 (7th Cir. 2002). In her Complaint, Madden failed to identify any conceivable reason why the letter would not have reached her counsel. *See* Cmplt. ¶ 6.

Value Place next argues that the delivery presumption extends to the separate letter addressed to Madden, even though that letter contained an incomplete address. The Seventh Circuit has explained that, "Although the presumption of delivery may be weakened by the absence of a zip code, it is strengthened in this case by the fact that the notice was never returned to the clerk's office." *Longardner*, 855 F.2d at 459 (quoting *American Properties, Inc.*, 30 B.R. 239, 244 (Bankr. D. Kan. 1983) ("Where an address is slightly incorrect, . . . the presumption is weakened, but still raised")). *See also In re Pettibone Corp.*, 123 B.R. 304, 310 (N.D. Ill. 1990) (holding that weakened delivery presumption was not rebutted where letter was addressed incompletely).

Value Place additionally argues that the delivery presumption is strengthened by the fact that the letter was never returned to the EEOC as undeliverable. *See National Union Fire Ins. Co. v. Broadhead*, 155 B.R. 856, 858 (S.D. N.Y. 1993) (*citing Longardner*, 855 F.2d at 459). *Cf. Donahue v. O'Connor*, 387 F. Supp. 129, 131 (E.D. Wis. 1975) (delivery presumption rebutted when letters returned unopened bearing postal service marks indicating non-delivery). The

6

EEOC's administrative file contains no letters returned as undeliverable. *See* Simpson Decl. ¶ 6. Value Place maintains that if either the letter to Madden or to Madden's counsel had not been delivered, then at least one letter should have been returned to the EEOC as undeliverable.

Next, Value Place argues that the delivery presumption is further strengthened by the fact that Value Place received its copy of the right-to-sue letter in early 2011. *See Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005). Roger Bolton, Value Place's Senior Vice President for Human Resources, received the letter in early 2011. (Bolton Decl. ¶ 5). The right-to-sue letter sent to Mr. Bolton contains a "checkmark" next to his name, unlike the right-to-sue letter faxed to Mr. Myers. If either the letter to Madden or to Madden's counsel had not been delivered, then at least one letter should have been returned to the EEOC as undeliverable. Value Place contends that the fact that it received the letter further strengthens the presumption that Madden and/or her counsel received the letter.

Value Place argues that Madden cannot defeat the delivery presumption, and a clear statutory mandate, through the simple expedient of filing an affidavit. A denial of receipt alone does not rebut the presumption of delivery. *Longardner*, 855 F.2d at 459; *Bardney v. United States*, 1998 WL 416511, *4-5, 151 F.3d 1032 (7th Cir.) (unpublished) (applying the presumption because "a denial of receipt alone does not rebut this presumption"); *Clark v. Robert W. Baird Co.*, 152 F. Supp.2d 1040, 1044-45 (N.D. Ill. 2001) (holding that affidavits failed to rebut presumption of delivery); *In re Pettibone Corp.*, 123 B.R. 304, 310 (N.D. Ill. 1990). *See also Tucker v. Secretary of Health and Human Services*, 684 F. Supp. 556, 558 (N.D. Ind. 1988) (using the presumption to decide a motion to dismiss, without the need for an evidentiary hearing); *United States v. Ekong*, 518 F.3d 285, 287 (5th Cir. 2007). In a pre-

7

*Twombly* case, *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984), the court stated that a district court should hold an evidentiary hearing if there is a dispute about whether a claimant's attorney received the right-to-sue letter. Value Place contends, however, that in light of *Twombly*, this Court should grant partial summary judgment because Madden has failed to identify any facts "above the speculative level" creating a genuine issue of material fact as to whether she or her counsel received the right-to-sue letter in early 2011.

In response, Madden has submitted the affidavit of her counsel, Mr. Myers, in which he explains his office practice with regards to receiving and documenting the receipt of right-to-sue letters. Mr. Myers concludes that if a right-to-sue letter had actually been received, there would have been a notation in his office files to that effect. However, Madden does not directly challenge the mailbox rule. Nor has Madden directed the court to any case in which simple denials of receipt of a right-to-sue notice were sufficient to rebut the presumption of delivery.

Accordingly, this court agrees with Value Place that the mailbox rule presumption applies and has not been rebutted. Therefore, partial summary judgment is appropriate on this basis.

Furthermore, Value Place argues that, setting aside the issue of whether Madden or her counsel received the right-to-sue letter in early 2011, as a matter of law, Madden cannot pursue her Title VII claim because she failed to exercise due diligence in following up on her request for the right-to-sue letter. *DeTata v. Rollpoint Packaging Products, Inc.*, 632 F.3d 962 (7th Cir. 2011) (*citing Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005)). In *Kerr*, the plaintiffs had asked the EEOC to issue right-to-sue letters in early January 2003. The plaintiffs received the right-to-sue letters in mid-February 2003 and filed suit in mid-May 2003, within 90 days of receiving the right-to-sue letters, but roughly four months after requesting the letters.

Applying the delivery presumption, the court held that the plaintiffs had adequate notice based on their request for the right-to-sue letters in early January 2003. The court emphasized that the plaintiffs must assume some "minimum responsibility" for the "expeditious resolution" of their claims, and blamed plaintiffs for not contacting the EEOC when their letters failed to arrive shortly after they were requested:

> We find that [plaintiffs], in failing to make any inquiry regarding their late or missing letters, failed to assume the minimal responsibility or to put forth the minimal effort necessary to resolve their claims in this case. Their failure to receive the letters was at least in part due to lack of diligence in following up their requests.

*Id*. at 953. Accordingly, the Eleventh Circuit deemed the suits untimely.

The Seventh Circuit has suggested that, when a plaintiff requests a right-to-sue letter, the 90-day clock begins to run shortly thereafter. *DeTata*, 632 F.3d at 969. In *DeTata*, the plaintiff diligently pursued her claim and the EEOC admitted that it mishandled her file. The court stressed that the *DeTata* plaintiff, unlike the *Kerr* plaintiff, had "follow[ed] her case diligently." *Id*. As a result, the Seventh Circuit found *Kerr* inapplicable because the facts of the two cases differed dramatically. *Id*. Nevertheless, the court suggested that it may have ruled differently if "the plaintiffs were somehow at fault for the delayed receipt of their written notices." *Id*. *See also Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009) (citing *Kerr* and noting that the 90-day clock could run prior to actual receipt if the plaintiff "carelessly refused to open [the right-to-sue letter], or was otherwise responsible for not reading it").

Thus, Value Place concludes that in the present case Madden and her counsel are entirely at fault for their alleged delayed receipt of the right-to-sue letters. On January 14, 2011,

9

Madden's counsel sent a fax to the EEOC asking it to issue a right-to-sue letter. Accordingly, as in *Kerr*, Madden knew as of that date that the EEOC would shortly issue a right-to-sue letter. Nevertheless, Madden waited more than 11 months, until December 29, 2011, to follow up on this request, and waited more than a full year, until January 23, 2012, to file this lawsuit. In other words, Madden waited more than four times the statutorily-mandated time period of 90 days to file suit, and more than three times as long as the *Kerr* plaintiffs waited to hear from the EEOC.

Finally, Value Place asserts that it would suffer undue prejudice if partial summary judgment is not granted. Value Place argues that because Madden delayed filing this lawsuit, memories have likely faded, the evidence has become stale, and Value Place's ability to assess and minimize potential liabilities has been unreasonably delayed. Moreover, through no fault of its own, Value Place now faces the possibility of a higher damages award for back pay. As noted by the Seventh Circuit, limitation periods serve three purposes: (1) to force parties to litigate while the evidence is fresh, (2) to grant the prospective defendant relative security and stability by allowing it to better estimate its outstanding legal obligations, and (3) to enable the defendant to cap liability. *See Elmore v. Henderson*, 227 F.3d 1009, 1013 (7th Cir. 2000). In *Elmore*, the Seventh Circuit highlighted the particular importance of limitations periods in employment cases, because "an employer's liability adds up each day that a judgment is deferred, *particularly when back pay is an issue*." *Id.* at 1014 (emphasis added).

After Madden requested the right-to-sue letter, she allowed more than twelve months to pass before filing this lawsuit. Almost two years have passed since Madden filed her Charge of Discrimination. Clearly, this significant, unjustified lapse of time threatens to prejudice Value Place in its ability to defend itself due to the possibility that evidence has become stale and that

witnesses may have become unavailable. Moreover, Value Place's potential liability for back pay has increased to encompass an additional full year's worth of pay. Accordingly, partial summary judgment is appropriate for these additional reasons as discussed above.

## Conclusion

Based on the foregoing, the defendant's motion for partial summary judgment [DE 23] is hereby GRANTED.


Entered: September 7, 2012.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court